## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

COMMODITY FUTURES TRADING
COMMISSION,

         Plaintiff,

     v.

EDWARD S. WALCZAK,

         Defendant.

Case No.  3:20-cv-00075 (WMC) (SLC)

ECF Case

## <u>DEFENDANT'S PROPOSED VERDICT FORMS</u>

Respectfully submitted,

Defendant Edward S. Walczak

By: /s/ James L. Kopecky
Defendants' Attorney

James L. Kopecky
Ashley Brooke Fawver
KOPECKY SCHUMACHER ROSENBURG LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
JKopecky@KSRlaw.com

Zachary J. Ziliak
Steven Bylina, III
Ziliak Law, LLC
141 W Jackson Blvd Ste 4048
Chicago, IL 60604
zachary@ziliak.com
docket@ziliak.com

## **Special Interrogatory Questions Relevant to Each Count**

The Plaintiff's Complaint alleges three separate causes of action, called "Counts." To make the process of reaching your verdict easier, you will first be asked to answer a series of questions. Your answers will inform your verdicts on each of the Counts. Please refer to the Jury Instructions for each Count.

(Questions begin on the next page.)

**Question 1.** Please consider the following statement:

> We stress the portfolio across a number of different dimensions. We look for where, what conditions might cause a greater than 8 percent draw down. We then model hedging techniques, meaning the purchase and sale of additional options contracts, either ones we already hold—taking positions off is one thing we model, adding additional positions as hedges is another thing that we model and that's our most common adjustment. We'll model adjustments; we'll choose the most economical and effective adjustment to bring us back in bounds so that we can no longer find a stress point that will result in greater than an 8 percent draw down.

a. Was this statement false or misleading?

        Answer:       Yes _____             No _____

b. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

        Answer:       Yes _____             No _____

c. Did Edward S. Walczak make this statement?

        Answer:       Yes _____             No _____

**(If your answer to (c) is "No," please proceed to Question 2.)**

d. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

        Answer:       Yes _____             No _____

e. Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

        Answer:       Yes _____             No _____

f. Did Edward S. Walczak act negligently in making this statement?

        Answer:       Yes _____             No _____

g. Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

        Answer:       Yes _____             No _____

**Question 2.** Please consider the following statement:

> So I stress the portfolio. I identify what's the impact on portfolio value at these stress points. And if the impact is greater than my 8 percent limit, then I'll go in and I'll hedge the portfolio to bring it back in line.

a. Was this statement false or misleading?

Answer:        Yes _____                    No _____

b. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

Answer:        Yes _____                    No _____

c. Did Edward S. Walczak make this statement?

Answer:        Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 3.)**

d. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

Answer:        Yes _____                    No _____

e. Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:        Yes _____                    No _____

f. Did Edward S. Walczak act negligently in making this statement?

Answer:        Yes _____                    No _____

g. Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

Answer:        Yes _____                    No _____

**Question 3.** Please consider the following statement:

> What we do with the fund on a daily basis is . . . . we aggregate [positions] in models to predict what will happen to the portfolio value under different scenarios-- +5, +10, -5, -10, -15 . . . .—stress those price movements, also stress volatility movements . . . look across 5 different time frames . . . looking for portfolio values that will exceed our 8% drawdown limit and when we find that that happens then we will go in and make position adjustments to bring that potential drawdown back into line with our 8% guideline, which is what we try to hold a drawdown to.

a.  Was this statement false or misleading?

    Answer:          Yes _____                    No _____

b.  Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

    Answer:          Yes _____                    No _____

c.  Did Edward S. Walczak make this statement?

    Answer:          Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 4.)**

d.  Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

    Answer:          Yes _____                    No _____

e.  Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

    Answer:          Yes _____                    No _____

f.  Did Edward S. Walczak act negligently in making this statement?

    Answer:          Yes _____                    No _____

g.  Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

    Answer:          Yes _____                    No _____

**Question 4.** Please consider the following statement:

So, we're on a daily basis, we'll—the portfolio in aggregate is plugged into our options modeling software and we'll stress price moves of plus 5 and plus 10 percent on the S&P and minus 5, minus 10 and minus 15 percent on the S&P. We'll then—we'll have snapshots of the portfolio value at those P&L basically, at those stress points. We will then stress volatility in the current environment where we've got a sub 20 VIX. We stress the volatility to a 30 and to a 45. In those environments where VIX is already above 30, we'll stress an additional level up to 60. So, we now have price and volatility stresses on the portfolio. We look at that across five different timeframes and what we're looking for is a drawdown of greater than 8 percent in the portfolio value. If we find that at any one of those price and volatility stress points, we'll identify whether it, for example, it's price or volatility, which are the two major impacts. On the portfolio we'll identify what is it that's causing that potential 8 percent drawdown or greater than 8, I'm sorry, that's our line in the sand, so to speak. We'll identify what is it. Is it price? Is it volatility? We'll then identify what hedging transaction we need to put in place, and normally there's a variety of choices. Via put, via put spread, via call, via call spread, buy back a short call, buy back a short put. Lots and lots of alternatives, but we'll model the most effective alternative to remove that risk excursion and then we'll implement that position on the portfolio.

a. Was this statement false or misleading?

        Answer:          Yes _____                    No _____

b. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

        Answer:          Yes _____                    No _____

c. Did Edward S. Walczak make this statement?

        Answer:          Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 5.)**

d. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

        Answer:          Yes _____                    No _____

e.  Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:          Yes _____               No _____

f.  Did Edward S. Walczak act negligently in making this statement?

Answer:          Yes _____               No _____

g.  Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

Answer:          Yes _____               No _____

**Question 5.** Please consider the following statement:

> We do have a hard stop at 8%. We would flatten the portfolio roughly at 8%. . . . But the bottom line is as we look ahead and stress the portfolio and we identify a condition that is out of bounds, we will hedge that right now. . . . So . . . we're never in a situation where we have sort of a hard stop loss, and we're just sitting waiting for that 8 percent to get triggered and then we get out, because we're constantly hedging. That's the first thing we do every day is to identify risks and tune up our hedges if they're not sufficient. And that allows us to avoid that hard stop and still maintain our drawdown discipline.

a. Was this statement false or misleading?

   Answer:        Yes _____                No _____

b. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

   Answer:        Yes _____                No _____

c. Did Edward S. Walczak make this statement?

   Answer:        Yes _____                No _____

   **(If your answer to (c) is "No," please proceed to Question 6.)**

d. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

   Answer:        Yes _____                No _____

e. Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

   Answer:        Yes _____                No _____

f. Did Edward S. Walczak act negligently in making this statement?

   Answer:        Yes _____                No _____

g. Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

   Answer:        Yes _____                No _____

**Question 6.** Please consider the following statement:

> We can use straight option purchases, we can use options spreads, we can use all sorts of combinations to give us just the right hedging exposure to bring that portfolio back in line where we take that 8 percent risk off the table.

a. Was this statement false or misleading?

> Answer:        Yes _____                    No _____

b. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

> Answer:        Yes _____                    No _____

c. Did Edward S. Walczak make this statement?

> Answer:        Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 7.)**

d. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

> Answer:        Yes _____                    No _____

e. Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

> Answer:        Yes _____                    No _____

f. Did Edward S. Walczak act negligently in making this statement?

> Answer:        Yes _____                    No _____

g. Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

> Answer:        Yes _____                    No _____

**Question 7.** Please consider the following statement:

We can model a single market and identify exactly what we need to do to control the daily volatility of the fund.

a. Was this statement false or misleading?

Answer:          Yes _____                    No _____

b. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

Answer:          Yes _____                    No _____

c. Did Edward S. Walczak make this statement?

Answer:          Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 8.)**

d. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

Answer:          Yes _____                    No _____

e. Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:          Yes _____                    No _____

f. Did Edward S. Walczak act negligently in making this statement?

Answer:          Yes _____                    No _____

g. Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

Answer:          Yes _____                    No _____

**Question 8.** Please consider the following statement:

> Individual positions are aggregated to an options pricing tool that models portfolio value stressed by +5%,+10%, -5%,-10%,-20% price excursion, VIX +10,+20, across 5 time horizons extending to the Portfolio's longest dated options expiration. Absolute drawdown of 8% from high water requires flattening of risk, no discretion allowed.

a. Was this statement false or misleading?

   Answer:          Yes _____                    No _____

b. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

   Answer:          Yes _____                    No _____

c. Did Edward S. Walczak make this statement?

   Answer:          Yes _____                    No _____

   **(If your answer to (c) is "No," please proceed to Question 9.)**

d. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

   Answer:          Yes _____                    No _____

e. Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

   Answer:          Yes _____                    No _____

f. Did Edward S. Walczak act negligently in making this statement?

   Answer:          Yes _____                    No _____

g. Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

   Answer:          Yes _____                    No _____

**Question 9.** Please consider the following statement:

We are managing existing positions.

a.  Was this statement false or misleading?

Answer:        Yes _____                    No _____

b.  Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

Answer:        Yes _____                    No _____

c.  Did Edward S. Walczak make this statement?

Answer:        Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 10.)**

d.  Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

Answer:        Yes _____                    No _____

e.  Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:        Yes _____                    No _____

f.  Did Edward S. Walczak act negligently in making this statement?

Answer:        Yes _____                    No _____

g.  Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

Answer:        Yes _____                    No _____

**Question 10.**　　　　Please consider the following statement:

　　　We simply exited all of our February positions.

a.　Was this statement false or misleading?

　　　　　　Answer:　　　　Yes _____　　　　　　　　No _____

b.　Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

　　　　　　Answer:　　　　Yes _____　　　　　　　　No _____

c.　Did Edward S. Walczak make this statement?

　　　　　　Answer:　　　　Yes _____　　　　　　　　No _____

**(If your answer to (c) is "No," please proceed to Question 11.)**

d.　Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

　　　　　　Answer:　　　　Yes _____　　　　　　　　No _____

e.　Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

　　　　　　Answer:　　　　Yes _____　　　　　　　　No _____

f.　Did Edward S. Walczak act negligently in making this statement?

　　　　　　Answer:　　　　Yes _____　　　　　　　　No _____

g.　Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

　　　　　　Answer:　　　　Yes _____　　　　　　　　No _____

13

**Question 11.**        Please consider the following statement:

Every position is initiated on a hedged basis with portfolio level stop loss trigger points to limit drawdowns.

a.  Was this statement false or misleading?

Answer:         Yes _____                         No _____

b.  Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

Answer:         Yes _____                         No _____

c.  Did Edward S. Walczak make this statement?

Answer:         Yes _____                         No _____

**(If your answer to (c) is "No," please proceed to Question 12.)**

d.  Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

Answer:         Yes _____                         No _____

e.  Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:         Yes _____                         No _____

f.  Did Edward S. Walczak act negligently in making this statement?

Answer:         Yes _____                         No _____

g.  Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

Answer:         Yes _____                         No _____

**Question 12.**        Please consider the following statement:

I use risk management to control losses to roughly 8%. That's the number I use in stress testing.

a.  Was this statement false or misleading?

Answer:          Yes _____                    No _____

b.  Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

Answer:          Yes _____                    No _____

c.  Did Edward S. Walczak make this statement?

Answer:          Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 13.)**

d.  Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

Answer:          Yes _____                    No _____

e.  Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:          Yes _____                    No _____

f.  Did Edward S. Walczak act negligently in making this statement?

Answer:          Yes _____                    No _____

g.  Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

Answer:          Yes _____                    No _____

**Question 13.**      Please consider the following statement:

So the first thing pure and simple is our metrics are dialed in to limit our drawdown to 8 percent. And there's no guarantees in the world, especially in markets, but that's our goal in everything we do is to keep our drawdown to 8 percent.

a.  Was this statement false or misleading?

Answer:          Yes _____                    No _____

b.  Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

Answer:          Yes _____                    No _____

c.  Did Edward S. Walczak make this statement?

Answer:          Yes _____                    No _____

**(If your answer to (c) is "No," please proceed to Question 14.)**

d.  Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statement above?

Answer:          Yes _____                    No _____

e.  Did Edward S. Walczak make this statement in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:          Yes _____                    No _____

f.  Did Edward S. Walczak act negligently in making this statement?

Answer:          Yes _____                    No _____

g.  Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making this statement?

Answer:          Yes _____                    No _____

16

**Question 14.**        Please consider the following phrases:

- specific set of rules and tactics focused on limiting loss
- aggregate portfolio stop-loss measures
- well-defined risk parameters

a. Did these statements appear in presentations distributed to Catalyst salespersons or investment advisors, as descriptions of the risk management of the Catalyst Hedged Futures Strategy Fund?

Answer:        Yes _____                No _____

**(If your answer to (a) is "No," please proceed to Question 15.)**

b. Were any of these phrases false or misleading as descriptions of the risk management of the Catalyst Hedged Futures Strategy Fund?

Answer:        Yes _____                No _____

c. Is there a substantial likelihood a reasonable investment advisor could have considered the information significant in deciding whether to invest in the Fund, or viewed it as having significantly altered the total mix of information?

Answer:        Yes _____                No _____

d. Was Edward S. Walczak the maker of the statements in presentations distributed to Catalyst salespersons or investment advisors that contained these phrases?

Answer:        Yes _____                No _____

**(If your answer to (d) is "No," please proceed to Question 15.)**

e. Did Edward S. Walczak use the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with making the statements described above?

Answer:        Yes _____                No _____

f. Did Edward S. Walczak make these statements in connection with any swap, or with a contract of sale of any commodity in interstate commerce or for future delivery on or subject to the rules of any registered entity?

Answer:        Yes _____                No _____

g. Did Edward S. Walczak act negligently in making these statements?

Answer:        Yes _____                No _____

17

h.  Did Edward S. Walczak act knowingly or with reckless disregard for the truth, or with the intent to deceive, manipulate or defraud, in making these statements?

   Answer:        Yes _____            No _____

**Question 15.**     Please answer each of these questions in turn, based on your responses above:

a. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 1?

Answer:          Yes _____                    No _____

b. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 2?

Answer:          Yes _____                    No _____

c. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 3?

Answer:          Yes _____                    No _____

d. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 4?

Answer:          Yes _____                    No _____

e. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 5?

Answer:          Yes _____                    No _____

f. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 6?

Answer:          Yes _____                    No _____

g. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 7?

Answer:          Yes _____                    No _____

h. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 8?

Answer:          Yes _____                    No _____

i. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 9?

Answer:          Yes _____                    No _____

j. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 10?

Answer:          Yes _____                    No _____

k. Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 11?

Answer:          Yes _____                    No _____

l.  Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 12?

        Answer:      Yes _____          No _____

m.  Did you answer "Yes" to *every one* of parts (a) through (d) and (g) of Question 13?

        Answer:      Yes _____          No _____

n.  Did you answer "Yes" to *every one* of parts (a) through **(e)** and **(h)** of Question 14?

        Answer:      Yes _____          No _____

**Question 16.**      Please answer each of these questions in turn, based on your responses above:

    a.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 1?

            Answer:          Yes _____                    No _____

    b.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 2?

            Answer:          Yes _____                    No _____

    c.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 3?

            Answer:          Yes _____                    No _____

    d.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 4?

            Answer:          Yes _____                    No _____

    e.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 5?

            Answer:          Yes _____                    No _____

    f.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 6?

            Answer:          Yes _____                    No _____

    g.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 7?

            Answer:          Yes _____                    No _____

    h.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 8?

            Answer:          Yes _____                    No _____

    i.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 9?

            Answer:          Yes _____                    No _____

    j.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 10?

            Answer:          Yes _____                    No _____

    k.  Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 11?

            Answer:          Yes _____                    No _____

l.   Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 12?

   Answer:          Yes ـــــــ                              No ـــــــ

m.   Did you answer "Yes" to *every one* of parts (a) through (d) and (f) of Question 13?

   Answer:          Yes ـــــــ                              No ـــــــ

n.   Did you answer "Yes" to *every one* of parts (a) through **(e)** and **(g)** of Question 14?

   Answer:          Yes ـــــــ                              No ـــــــ

**Question 17.**        Please answer each of these questions in turn, based on your responses above:

a. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 1?

    Answer:        Yes _____                No _____

b. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 2?

    Answer:        Yes _____                No _____

c. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 3?

    Answer:        Yes _____                No _____

d. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 4?

    Answer:        Yes _____                No _____

e. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 5?

    Answer:        Yes _____                No _____

f. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 6?

    Answer:        Yes _____                No _____

g. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 7?

    Answer:        Yes _____                No _____

h. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 8?

    Answer:        Yes _____                No _____

i. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 9?

    Answer:        Yes _____                No _____

j. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 10?

    Answer:        Yes _____                No _____

k. Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 11?

    Answer:        Yes _____                No _____

l.   Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 12?

      Answer:        Yes \_\_\_\_                 No \_\_\_\_

m.   Did you answer "Yes" to *every one* of parts (a) through (e) and (g) of Question 13?

      Answer:        Yes \_\_\_\_                 No \_\_\_\_

n.   Did you answer "Yes" to *every one* of parts (a) through **(f)** and **(h)** of Question 14?

      Answer:        Yes \_\_\_\_                 No \_\_\_\_

**Question 18.** Please answer each of these questions in turn, based on your responses above and the evidence you have seen in this case:

    a.  Was Edward S. Walczak an associated person of a Commodity Pool Operator?

            Answer:        Yes _____                 No _____

    b.  Did you answer "Yes" to one or more parts of Question 15?

            Answer:        Yes _____                 No _____

If your answers to both (a) and (b) are "Yes," you must find for Plaintiff in Count I.

If you answered "no" to at least one of (a) and (b), you must find for Defendant in Count I.

**Question 19.**      Please answer each of these questions in turn, based on your responses above and the evidence you have seen in this case:

   a.  Was Edward S. Walczak an associated person of a Commodity Pool Operator?

   Answer:          Yes _____                    No _____

   b.  Did you answer "Yes" to one or more parts of Question 16?

   Answer:          Yes _____                    No _____


If your answers to both (a) and (b) are "Yes," you must find for Plaintiff in Count II.

If you answered "no" to at least one of (a) and (b), you must find for Defendant in Count II.

**Question 20.**        Did you answer "Yes" to one or more parts of Question 17?

Answer:        Yes _____                No _____

If your answer to Question 20 is "Yes," you must find for Plaintiff in Count III.

If your answer to Question 20 is "No," you must find for Defendant in Count III.

Now please proceed to the three final pages and transcribe the
appropriate response as to each of the three Counts.

**Count I**
**Violation of Section 4o(1)(A),**
**7 U.S.C. § 6o(1)(A) (2018)**
**(Fraud by Associated Person of Commodity Pool Operator)**

As to Count I, did Plaintiff prove by a preponderance of the evidence that

Defendant Edward S. Walczak:

> employed a device, scheme or artifice to defraud any client or prospective client or participant through making false or misleading statements to investment advisors on Open House calls and in written materials and communications regarding the Fund's strategy and positions that would lead them to believe the Fund was safer than it actually was; the false or misleading statement was material; and that he did so acting with *scienter* in violation of Section 4o(1)(A) of the Commodity Exchange Act.

If "yes," your verdict is for Plaintiff. If "no," your verdict is for Defendant.

We, the jury, on Count I find for:

Plaintiff      _____

Defendant    _____

**Count II**
**Violation of Section 4o(1)(B),**
**7 U.S.C. § 6o(1)(B) (2018)**
**(Non-Scienter Fraud by Associated Person of Commodity Pool Operator)**

As to Count II, did Plaintiff prove by a preponderance of the evidence that

Defendant Edward S. Walczak:

> engaged, or attempted to engage, in any act, practice, or course
> of business, which operated as a fraud or deceit upon any person
> through making false or misleading statements to investment
> advisors on Open House calls and in written materials and
> communications regarding the Fund's strategy and positions
> that would lead them to believe the Fund was safer than it
> actually was; and the false or misleading statement was
> material; in violation of Section 4o(1)(B) of the Commodity
> Exchange Act.

If "yes," your verdict is for Plaintiff. If "no," your verdict is for Defendant.

We, the jury, on Count II find for:

Plaintiff        _____

Defendant        _____

**Count III**
**Violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2018), and Regulation 180.1,**
**17 C.F.R. § 180.1(a) (2019)**
**(Employment of Deceptive Devices)**

As to Count III, did Plaintiff prove by a preponderance of the evidence that

Defendant Edward S. Walczak:

(1)     by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, in connection with any swap, or a contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any entity:

(a) used or employed, or attempted to use or employ, any manipulative device, scheme, or artifice to defraud; or

(b) made, or attempted to make, any untrue or misleading statement of a material fact or omitted a material fact necessary in order to make the statements made not untrue or misleading; or

(c) engaged, or attempted to engage, in any act, practice, or course of business, which operated as a fraud or deceit upon any person.

(d) any false or misleading statement supporting (a) through (c) above was material;

(2)     and that he did so acting with *scienter* in that he engaged in the actions described in (1)(a) through (d) meaning that he did so with a mental state embracing an intent to deceive, manipulate or defraud.

If "yes," your verdict is for Plaintiff. If "no," your verdict is for Defendant.

We, the jury, on Count III find for:

Plaintiff          _____

Defendant          _____

30