UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EDWARD S. WALCZAK,<br><br>　　　　Walczak. | Hon. William M. Conley<br>Case No. 3:20-cv-00075-WMC |

**DEFENDANT EDWARD S. WALCZAK'S MOTION TO STRIKE PORTIONS OF THE REBUTTAL REPORT OF STUART A. MCCRARY**

Defendant Edward S. Walczak moves to strike portions of the Rebuttal Report of Stuart A. McCrary, dated October 7, 2021 (ECF 43) (the "Rebuttal Report"), on the grounds that only the first of the two opinions offered therein constitutes a rebuttal to the opinions contained in the Expert Report of Michael De Laval, dated August 31, 2021 (ECF 41-1).  The second opinion offered by Mr. McCrary inappropriately seeks to bolster his original opinions contained within the Expert Report of Stuart A. McCrary, dated August 5, 2021 (ECF 24).  Because this second opinion is beyond the scope of what may be offered as a "rebuttal" report under FRCP 26(a), Defendant moves to strike Opinion II. contained in the Rebuttal Report (ECF 43).

*Applicable Standard*

Rule 26(a) defines a rebuttal expert as one whose testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir.

1

2008). "Testimony offered only as additional support to an argument made in a case in chief, if not offered to contradict, impeach or defuse the impact of the evidence offered by an adverse party, is improper on rebuttal." *Id.* at 630; *see also Africano*, 2019 WL 5085338, at *1–2 ("Evidence that is only offered as additional support of a party's argument and that does not contradict any evidence introduced by the opposing party is not proper rebuttal.") (citation omitted). When evaluating whether a proposed rebuttal report is appropriate, the "'focus is not on the similarity between the initial and rebuttal reports, but rather on whether the opinions expressed in a rebuttal report rebut the same subject matter identified in the other party's expert report.'" *Cage v. City of Chicago*, No. 09 C 3078, 2012 WL 5557410, at *5 (N.D. Ill. Nov. 14, 2012) (quoting *Green v. Kubota Tractor Corp.*, No. 09 CV 7290, 2012 WL 1416465, at *5 (N.D. Ill. Apr. 24, 2012)). The sequence of disclosures of experts' opinions envisions a winnowing process, not an expansion of the universe of opinions offered with each successive report. *McCann v. Cullinan*, No. 11 CV 50125, 2016 WL 4593835, at *3 (N.D. Ill. Sept. 2, 2016), *report and recommendation adopted sub nom. McCann v. Ogle Cty.*, No. 11 CV 50125, 2016 WL 5807922 (N.D. Ill. Oct. 5, 2016).

### *Opinion II in the Rebuttal Report of Stuart A. McCrary Should Be Stricken*

Opinion II in the Rebuttal Report of Stuart A. McCrary is stated as follows:

> II. Performing volatility stress tests in concert with price stress tests does not alter the conclusions I drew in my report – that the Fund was regularly projected to lose greater than 8% of its value in response to S&P price increases of 2.5% 5%, and 10%. De Laval's suggestion, simulating a volatility decrease rarely reduces that projected risk of loss below 8% and could sometimes increase the size expected losses (sic).

(ECF 43 at 2-3.)

Opinion II is impermissible because it is not offered to "contradict, impeach or defuse the impact of the evidence offered by" Mr. De Laval. Rather, Opinion II and the Basis offered in support of that opinion are offered merely to bolster the deficiencies of Mr. McCrary's original

report. Whereas Mr. McCrary's original report failed to account for variations in volatility as a factor that could effect the possibilities of gains or losses and the potential desirability of taking mitigating measures, the rebuttal report seeks to supplement Mr. McCrary's opinions to remedy these shortcomings.

The additional analysis provided by Mr. McCrary on pages 11-17 of the Rebuttal Report only superficially addresses the contents of the De Laval report. Specifically, in paragraphs 21-22 of the Rebuttal Report, Mr. McCrary simply notes a difference between the outcome of his new, supplemental analysis and that performed by Mr. De Laval. (ECF 43 at 13.) This reference is inadequate to overcome the fact that Opinion II and the analysis offered in connection with that opinion could have and should have been included in Mr. McCrary's original report.

The appropriate response to Mr. De Laval's criticism that Mr. McCrary focused exclusively on price stress tests, to the exclusion of volatility stress tests, in his analysis would be to defend that analysis. Instead, Mr. McCrary impermissibly uses his Rebuttal Report to perform an entirely new analysis, complete with seven new Exhibits, to offer new conclusions to supplement those contained in his original report.

*Conclusion*

For the foregoing reasons, Defendant respectfully requests that the Court strike Opinion II from the Rebuttal Report of Stuart A. McCrary, dated October 7, 2021 (ECF 43).

Dated: November 19, 2021     Respectfully submitted,

By: /s/ James L. Kopecky
James L. Kopecky (ILBar#6225359)
KOPECKY SCHUMACHER ROSENBURG LLC
120 N. LaSalle, Street, Suite 2000
Chicago, IL 60602

By: /s/ Zachary J. Ziliak
Zachary J. Ziliak (ILBar#6291134)
ZILIAK LAW LLC
141 W. Jackson Blvd., Suite 4048
Chicago, IL 60604

<div style="display: flex;">
<div>

Tel. 312-380-6552  
jkopecky@ksrlaw.com  
*Counsel for Defendant*

</div>
<div>

Tel. 312-462-3350  
zachary@ziliak.com  
docket@ziliak.com  
*Counsel for Defendant*

</div>
</div>

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused true and correct copies of the foregoing document to be served upon all counsel of record via email on November 19, 2021.

/s/ Zachary J Ziliak