UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>EDWARD S. WALCZAK,<br><br>        Defendant. | Case No. 3:20-cv-00075 (WMC) (SLC)<br><br>ECF Case |

Defendant Edward Walczak respectfully moves this Honorable Court *in limine* to exclude evidence, testimony, and/or argument as to the following:

(1) Reference to or discussion of any pecuniary gain or loss by investors;

(2) Reference to the Securities and Exchange Commission's investigation and civil enforcement action;

(3) Reference to or discussion of the amount Mr. Walczak earned in fees for the management of the Fund;

(4) Reference to or discussion of misrepresentations that have not been specifically identified by Plaintiff;

(5) Admission of Plaintiff's expert reports;

(6) Plaintiff's logo and mission statement; and

(7) External economic events unrelated to this case.

As explained below, these matters are not relevant to any issues in this case, present a risk of substantial unfair prejudice to Mr. Walczak, or are otherwise barred by the Federal Rules of Evidence.

    **I.**    **Motion *In Limine* to Exclude Reference to Or Discussion of Any Pecuniary Gain or Loss by Investors**

Defendant moves for an order *in limine* barring Plaintiff from referring to, discussing, or introducing evidence regarding any gain or loss by any investor. Such evidence should be excluded under Federal Rule of Evidence 401 because it is not relevant to any element of Plaintiff's claims. If the Court believes there is some limited relevance, it should be excluded under Rule 403 because its prejudicial value outweighs it probative value and its introduction would be unfairly misleading and prejudicial.

Pursuant to Fed R. Evid. 401, evidence is only relevant if the fact is of consequence in determining the action. The SEC itself has moved to bar evidence of gain or loss in similar litigation:

> Questions about whether an investor profited from their investment . . . imply an improper, hindsight-based . . . reliance or causation standard for securities laws violations, [and] are legally incorrect, irrelevant, and prejudicial. . . . Any other holding would improperly inject issues of causation into the case, even though courts have uniformly held that such element does not exist in an SEC enforcement action.

SEC Motion *in Limine* No. 1, *SEC v. Amer. Growth Funding II, LLC* (S.D.N.Y. No. 16 Civ. 828) (Dkt. No. 167 at 5). "Because investor loss is irrelevant to the jury's resolution of the Commission's claims, evidence and argument concerning this subject is likewise irrelevant" and should be excluded. *In re Reserve Fund Sec. & Derivative Litig.*, 2012 WL 12354220, at *1 (S.D.N.Y. Sept. 11, 2012) (emphasis added).

Here, investor gains or losses are not an element of any of Plaintiff's claims. Nor is loss or gain relevant to proving an element. It is not relevant to materiality. *See Amer. Growth Funding*, 2018 WL 6322145, at *2. Ultimately, it does not make any element more or less probably true than not.

Moreover, there is a difference between *realized* and *unrealized* losses. Plaintiff, when

2

questioning witnesses throughout the trial, ignored the difference. Plaintiff referred, and it is anticipated will refer, to losses generally. Plaintiff has not presented or produced of any individual's realized loss. A reduction in a fund's net-asset-value ("NAV") is not a loss, and it does not mean that an investor suffered a realized loss. To allow Plaintiff to generally use the term loss would, therefore, be misleading at best.

Finally, if admitted, arguments regarding and references to "loss" or "losses" will serve only to mislead the jury and prejudice Defendant. Such arguments and evidence should, therefore, be excluded under Federal Rule of Evidence 403.

## II.     Reference to Securities and Exchange Commission Investigation and Enforcement Action Should be Excluded

The Court should preclude as irrelevant and unfairly prejudicial any reference to the SEC's investigation and Enforcement Action arising from the conduct at issue in this case. As this Court is aware, the SEC filed a civil enforcement action against Mr. Walczak arising from the same conduct alleged by the CFTC in this matter. *See SEC v. Walczak*, Western District of Wisconsin, Eastern Division, Case No. 3:20-cv-00076 (Judge Conley). The fact that the SEC conducted an investigation and filed an enforcement action against Mr. Walczak has no probative value on any of the elements Plaintiff must prove for its causes of action. Indeed, the only reason Plaintiff might offer such evidence is to invite the jury to infer improperly that the mere fact that the investigation was conducted and the subsequent civil enforcement filed tends to establish the wrongfulness of the alleged conduct. That would unfairly prejudice Mr. Walczak by giving the appearance that the ultimate issue has already been decided.

### III. Evidence Related to the Amount in Fees Mr. Walczak Earned for Managing the Fund Should Be Excluded

The Court should preclude as irrelevant and unfairly prejudicial evidence or argument relating to the amount of money Mr. Walczak earned in fees for managing the Fund.

Evidence of a defendant's financial circumstances is often offered to try to "equate wealth with wrongdoing and to appeal to the potential bias of not-so-wealthy jurors"—an "improper" strategy with "no place in a court room." *United States v. Stahl*, 616 F.2d 30, 31, 33 (2d Cir. 1980); see also, e.g., *United States v. Jackson-Randolph*, 282 F.3d 369, 377 (6th Cir. 2002). Accordingly, courts in the Seventh Circuit regularly exclude as irrelevant evidence of economic circumstances. *See, e.g., Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 826 (7th Cir. 2005); *United States v. Fuesting*, 845 F.2d 664, 673 (7th Cir. 1988).

The amount that Mr. Walczak earned for managing the Fund has no bearing on the causes of action in this matter. While the Plaintiff may properly offer evidence that Mr. Walczak's earnings were tied to the assets under management, the amount Mr. Walczak earned is not relevant to proving any element of Plaintiff's causes of action.

Accordingly, the amount Mr. Walczak earned in fees should be excluded.

### IV. Alleged Misrepresentations That Have Not Been Specifically Identified by Plaintiff Should be Excluded

In the Amended Complaint, Plaintiff references various alleged misrepresentations by Defendant. In Interrogatories to Plaintiff, Defendant specifically requested all misstatements and/or omissions (and related conduct) that Plaintiff contends Defendant made (see, for example, Interrogatory Nos. 3, 4 and 6). Defendant sought such information in order to fully understand and analyze the allegations made by Plaintiff, to provide himself with the best opportunity to defend against Plaintiff's claims, and to avoid future surprise at trial. Plaintiff's response

contains objections to Defendant's Interrogatories and state that expert and fact discovery is ongoing, that the requests are "overbroad and/or "premature," and that the requests seek "each and every item in a particular category of evidence." Plaintiff responded to the Interrogatories by generally listing alleged misstatements and by referencing the Amended Complaint. *See* Plaintiff's Answers and Objections to Defendant Walczak's First Set of Interrogatories, **Exhibit A** hereto. Plaintiff also responds by producing various documents allegedly containing misstatements.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff has a duty to supplement its responses in the event they are incomplete or incorrect or if additional information is or becomes available and has not been made known. Plaintiff must notify Defendant (and any other parties) of all such information. Fed. R. Civ. P. 26(e). Rule 37(c)(1) provides that "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The purpose of disclosures—and the require to supplement—is to promote a liberal discovery process "in an effort to narrow the issues for trial and to prevent unfair surprise." *Episcopo v. General Motors Corp.*, 2004 WL 628243, *7 (N.D. Ill. 2004); *accord Holiday Inns, Inc. v. Robertshaw Controls Co.*, 560 F.2d 856, 858 (7th Cir. 1977) (failure to supplement resulted in defendants' being surprised at trial, and court acted properly in barring).

Moreover, for securities fraud, Rule 9(b) requires that the essential element of scienter be pled with a sufficient level of factual support. *In re HealthCare Compare Corp. Securities Litigation*, 75 F.3d 276 (7th Cir. 1996) (factual support found where circumstances are pled "in detail" …. "This means the who, what, when, where and how: the first paragraph of any

newspaper story."). Without being properly notified by Plaintiff, Defendant will not be afforded the appropriate opportunity to defend himself against any undisclosed misrepresentations and would be unduly prejudiced at trial.

To the extent that Plaintiff has not disclosed to Defendant specific allegations of misrepresentations, it has not satisfied the "who, what, when, where and how" requirement for factual support or complied with the applicable rules of Federal Procedure, requiring full disclosure of evidence, or satisfied the duty to supplement. Defendant should not be subject to surprise at trial due to Plaintiff's failure to disclose and/or supplement, and the inability to review and analyze any undisclosed misrepresentations would be prejudicial to Defendant.

Accordingly, Defendant Edward Walczak respectfully requests that this Court enter an order barring Plaintiff from presenting evidence or testimony regarding any alleged misrepresentations not specifically identified by Plaintiff to date.

## V. The Court Should Bar Admission of Plaintiff's Expert Reports

Defendant Edward Walczak further moves to bar the introduction by Plaintiff of the Expert Report of Stuart A. McCrary, dated August 5, 2021 (the "Expert Report"), and the Rebuttal Report of Stuart A. McCrary, dated October 7, 2021 (the "Rebuttal Report") (together, the "McCrary Reports"). Counsel for Plaintiff has represented that Plaintiff intends to offer the Expert Report and the Rebuttal Report into evidence.

The purpose of an expert report under FRCP 26(a)(2) is to facilitate an effective cross-examination, minimize the expense of deposing experts, shorten direct examination, and prevent ambush at trial. *See Malachinski v. C.I.R.*, 268 F.3d 497, 505 (7th Cir. 2001). Expert reports, however, are not admissible at trial because they are "hearsay in its most pristine form." *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 328 (N.D. Ill. 2008). Additionally, "[w]hile Rule

6

703 allows an expert to base an opinion on otherwise inadmissible evidence, including hearsay, [Rule 703] is not an exception to the hearsay rule…and does not pretend to create an additional exception to the hearsay rule or authorize admissibility of the report at trial." *Sommerfield*, 254 F.R.D. at 328. Because expert reports do not fall within any of the exceptions to the hearsay rule set forth in FRE 801(d), they may not be introduced as evidence pursuant to Federal Rule of Evidence 801. *See Douglas Dynamics, LLC v. Buyer Prods. Co.*, No. 09–cv–261–WMC, 2010 WL 4118098, at *2 (W.D. Wisc. Oct. 8, 2010) (granting motion *in limine* to exclude expert report of qualified opposing expert as hearsay, while permitting introduction of testimony by expert); *see also Sommerfield*, 254 F.R.D. at 329 (collecting cases); *Henriksen v. U.S.*, No. 09 C 2398, 2011 WL 13239142 (N.D. Ill. April 29, 2011) (directing the parties to exclude expert reports from their pre-trial exhibit books on hearsay grounds).

Moreover, "[t]o the extent that the expert's report merely repeats the expert's trial testimony, the report is 'needlessly cumulative' and thus should be excluded under Rule 403." *Sommerfield*, 254 F.R.D. at 329.

Plaintiff has named Mr. McCrary as an expert witness who is expected to testify at trial concerning the subjects discussed in the Expert Report and the Rebuttal Report. The McCrary Reports consist of inadmissible hearsay. Moreover, they need not be admitted into evidence for Mr. McCrary to testify on the opinions and other matters contained therein. Because the McCrary Reports consist of inadmissible hearsay and because Plaintiff has not argued or established that any exception to the hearsay rule applies, the McCrary Reports should be excluded from evidence.

## VI. Plaintiff's Use of CFTC Logo and Mission

Defendant anticipates that Plaintiff will add its logo to its exhibits and PowerPoint presentations, and that it will make reference to its mission to "protect investors." These references

7

only serve to garner favor with the jury. At the same time, Plaintiff may seek to have the Defendant barred from making references to other failed CFTC enforcement actions. It would be patently unfair, and prejudicial to Defendant, if this Court allows Plaintiff to portray itself as a government agency protecting investors. Its role as a government agency is not relevant to proving its claims. Defendant respectfully requests that this Court exclude Plaintiff's use of the CFTC logo and reference to its mission to protect investors.

## VII. The Court Should Preclude Reference to External Economic Events Unrelated to This Case

The Court should preclude Plaintiff from referencing external economic events unrelated to this case such as the 2008 financial crisis, the recession, the 2010 "flash crash," or general trepidations about "Wall Street." These events are irrelevant to Plaintiff's causes of action and would be unfairly prejudicial to Mr. Walczak. *Island Intellectual Prop. LLC v. Deutsche Bank AG*, No. 09-cv-2675, 2012 WL 526722, at *3 (S.D.N.Y. Feb. 14, 2012) (explaining that the financial crisis has deeply affected this country, and efforts to connect a party to the crisis may cause the jury to view them unfavorably).

WHEREFORE, Defendant prays for orders consistent with these motions *in limine*.

Dated: November 19, 2021

Respectfully submitted,

By: /s/ James L. Kopecky
James L. Kopecky (ILBar#6225359)
KOPECKY SCHUMACHER ROSENBURG LLC
120 N. LaSalle, Street, Suite 2000
Chicago, IL 60602
Tel. 312-380-6552
jkopecky@ksrlaw.com
*Counsel for Defendant*

By: /s/ Zachary J. Ziliak
Zachary J. Ziliak (ILBar#6291134)
ZILIAK LAW LLC
141 W. Jackson Blvd., Suite 4048
Chicago, IL 60604
Tel. 312-462-3350
zachary@ziliak.com
docket@ziliak.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 19, 2021, he caused to be served the foregoing document on counsel of record for this matter via e-mail and the e-filing system of the United States District Court for the Western District of Wisconsin:

s/James L. Kopecky