UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) No. 20 Civ. 75 (WMC) |
| v. | ) ) ECF Case |
| EDWARD S. WALCZAK, | ) ) |
| Defendant. | ) ) ) ) ) |

**PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Under the doctrine of collateral estoppel, the Court's recent finding in *SEC v. Walczak*, 20 Civ. 76 (WMC) (W.D. Wis.) (the "SEC Matter"), that Defendant Edward Walczak made material misrepresentations regarding his daily use of OptionVue, leaves no genuine dispute of material fact with respect to the claim in this case that Defendant violated Section 4*o*(1)(B) of the Commodity Exchange Act ("CEA"). Accordingly, Plaintiff Commodity Futures Trading Commission ("CFTC") moves under Federal Rule of Civil Procedure ("FRCP") 54(b) for the Court to revisit its prior Order denying summary judgment and grant partial summary judgment to the CFTC on its Section 4*o*(1)(B) non-scienter fraud claim.

## Background

On January 27, 2020, both the CFTC and the Securities and Exchange Commission ("SEC") filed complaints against Walczak arising out of his misconduct as the Portfolio Manager of the Catalyst Hedged Futures Strategy Fund (the "Fund").[1] As this Court has observed, "the

---

[1] One week later, on February 3, 2020, the CFTC amended its complaint. ECF No. 11.

1

fundamental claims, conduct and evidence at issue [in the two cases] is almost identical." Order, *SEC v. Walczak*, 20 Civ. 76 (WMC), at 12 (W.D. Wis. Feb. 4, 2022) ("SEC SJ Order"). Indeed, the language of Section 4*o*(1)(B) of the CEA mirrors the language of Section 17(a)(3) of the Securities Exchange Act. *Compare* 7 U.S.C. § 6*o*(1)(B) (prohibiting persons from "engag[ing] in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant"), *with* 15 U.S.C. § 77q(a)(2)–(3) (prohibiting persons from "engag[ing] in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser"). Both provisions require proof of the same two elements: (1) a misrepresentation, (2) that is material. *See CFTC v. Heffernan*, 245 F. Supp. 2d 1276, 1292 (S.D. Ga. 2003); SEC SJ Order, at 8–9. Neither requires proof of scienter. *See CFTC v. Wilson*, 19 F. Supp. 3d 352, 363 (D. Mass. 2014) (holding that Section 4*o*(1)(B) "has no scienter requirement"), *aff'd sub nom. CFTC v. JBW Cap., LLC*, 812 F.3d 98 (1st Cir. 2016); *Aaron v. SEC*, 446 U.S. 680, 697 (1980) ("It is our view, in sum, that the language of § 17(a) requires *scienter* under § 17(a)(1), but not under § 17(a)(2) or § 17(a)(3).").

Further, both the CFTC and SEC allege that Walczak made material misstatements to investors regarding the risk management practices he employed in operating the Fund. *See* Am. Compl., ECF No. 11 ¶ 1 (Feb. 3, 2020) ("CFTC Compl.") ("[Walczak] repeatedly led investors or investment advisors to believe that the Fund was a safer investment than it actually was—to their detriment."); Compl., *SEC v. Walczak*, ¶ 1 (Jan. 27, 2020) ("SEC Compl.") ("Walczak fraudulently misrepresented the Fund's risk management procedures."). Specifically, both the CFTC and SEC allege that Walczak misrepresented to investors that he checked OptionVue, his risk management software, on a daily basis, and both the CFTC and SEC allege that Walczak's representations about risk management were material. *See* CFTC Compl. ¶ 99 ("Moreover,

Walczak testified that he did not look at OptionVue every day . . . . This directly contradicts what he told investment advisors: that he used OptionVue on a 'daily' basis to evaluate and address the portfolio's risk of loss."); *id.* ¶ 154; SEC Compl. ¶ 94 ("Among other things, and contrary to his representations, Walczak did not use sophisticated options analysis software on a daily basis to stress-test the Fund."). Finally, both the CFTC and SEC allege that the Fund suffered losses of over $500 million when the very risks that Walczak had purported to manage materialized. *See* CFTC Compl. ¶ 1; SEC Compl. ¶¶ 7–8.

On August 30, 2021, the CFTC moved for summary judgment. In its motion, the CFTC pointed to Walczak's representations to investment advisors that he performed certain stress tests of his portfolio using OptionVue software and that, if these tests projected a loss of more than 8% of the Fund's value, he would take steps to reduce the risk facing the Fund. The CFTC argued that there was no genuine dispute of material fact that Walczak "did not actually manage risk this way," contrary to his representations to investment advisors. (Mem. Supp. Summ. J., ECF No. 30, at 1 (Aug. 30, 2021).) Among the evidence the CFTC cited was Walczak's assertion that "he used the software on a daily basis to 'stress test' the Fund against a variety of market movements." (*Id.* at 9 (citing Proposed Findings of Fact Supp. Summ. J., ECF No. 29, ¶¶ 55–57 (Aug. 31, 2021)).) On November 22, 2021, the Court denied the CFTC's motion, finding that the CFTC had not established "a lack of genuine dispute[] of material facts that a misrepresentation was made." (Order, ECF No. 67, at 4 (Nov. 22, 2021).)

On November 15, 2021, the SEC moved for summary judgment, arguing, among other things, that Walczak made material misrepresentations to his investors regarding the frequency with which he checked the OptionVue software as a means of managing risk. Mem. Supp. Summ. J., *SEC v. Walczak*, at 12, 19–20 (Nov. 15, 2021). On February 4, 2022, the Court

3

granted the SEC's motion in part, finding that Walczak's "representations of use of OptionVue modeling software daily to stress test the Fund's holdings constituted a falsehood for the purposes of the Securities Act and Advisors Act at summary judgment, as he admits these representations were demonstrably false." SEC SJ Order, at 8. It further found that Walczak's misstatements were material as a matter of law. *Id.* at 10. The Court found Walczak liable under the SEC's non-scienter charges. *Id.* at 12.

## **Argument**

Collateral estoppel warrants summary judgment on the CFTC's non-scienter claim—Count II of the Amended Complaint, under Section 4*o*(1)(B) of the CEA—because that claim and the claims on which the Court granted summary judgment in the SEC Matter have the same elements, can be proven by the same facts, and are brought against the same defendant, who fully litigated the issue previously. The Court has the power to grant such relief under FRCP 54(b). *See* FRCP 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Section 4*o*(1)(B) of the CEA is satisfied if just two elements are met: (1) that Defendant made false statements; and (2) that those false statements were material.[2] *CFTC v. Heffernan*, 245 F. Supp. 2d 1276, 1292 (S.D. Ga. 2003). Section 17(a)(2) and (3) are satisfied by the same elements. *See* SEC SJ Order, at 12 (citing *SEC v. Cap. Gains Rsch. Bureau, Inc.*, 375 U.S. 180, 195 (1963)). In its grant of partial summary judgment for the SEC, this Court found that these

---

[2] The CFTC must also show that Defendant was an associated person of a Commodity Pool Operator, but that is not in dispute. *See* Answer, ECF No. 14, ¶¶ 17–18. Collateral estoppel, as laid out below, would also apply to the requirement that Defendant have used the mails or any means or instrumentality of interstate commerce.

4

two elements were satisfied because (1) Defendant falsely represented that he used OptionVue every day; and (2) that misrepresentation was material. *Id.* at 8, 10.

The facts that supported the Court's grant of partial summary judgment in the SEC Matter fall squarely within the scope of the CFTC's allegations. Specifically, the CFTC has alleged that Walczak represented on Open House Calls that he used OptionVue on a daily basis to stress test the Fund, (CFTC Compl. ¶ 85), and that such representations were false (*id.* ¶ 99 (specifically alleging the falsity of Walczak's statements regarding "daily" use of OptionVue)). *See also id.* ¶¶ 148–55; Proposed Findings of Fact Supp. Summ. J., ECF No. 29, ¶¶ 55–57, 63–64, 67 (Aug. 31, 2021) (citing the representation that Walczak used OptionVue "daily" in support of the broader alleged misrepresentations about his use of OptionVue to manage risk).

Accordingly, the CFTC would, in the course of trial, present to a jury in support of its claims evidence of the very same misrepresentations cited by the Court in the SEC SJ Order, including in support of its claim under Section 4*o*(1)(B). Under the current circumstances, however, allowing this claim to go to the jury would risk inconsistent results. For the reasons set forth below, the doctrine of collateral estoppel applies, and summary judgment is warranted.

    **A. The Court Should Grant Summary Judgment for the CFTC on Count II, Under Section 4*o*(1)(B), on the Basis of Collateral Estoppel.**

Collateral estoppel ensures that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). The Supreme Court has identified multiple objectives that are served by application of the doctrine: "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending

multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153–54.

The doctrine thus precludes relitigating issues in a subsequent proceeding where the following four elements are met: "(1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

Each of these requirements is satisfied here.

*First*, the issue that the CFTC seeks to preclude is the same that the Court decided in the SEC Matter: Specifically, the CFTC is asking the Court to hold in this matter that no genuine issue of fact exists that Walczak's "representations of use of OptionVue modeling software daily to stress test the Fund's holdings constituted a falsehood," SEC SJ Order, at 8, and that "a reasonable jury would have to find Walczak's statements that he stress tested the fund daily were material," SEC SJ Order, at 10. The Court has acknowledged that "[b]oth the CFTC and the SEC rely on Walczak's representations about risk management on calls with investors," SEC SJ Order, at 12, and the CFTC has alleged these exact facts in its Complaint, CFTC Compl. ¶¶ 85, 99, 152–53. Thus, the precise issues that formed the basis of the Court's grant of partial summary judgment in the SEC Matter are at issue here.

*Second*, the falsity and materiality of Walczak's statements about his daily use of OptionVue were "actually litigated" in the SEC Matter. Courts in the Seventh Circuit have repeatedly held that a grant of summary judgment may suffice for the "actually litigated" requirement. *Tate v. Showboat Marina Casino P'ship*, 250 F. Supp. 2d 958, 960 (N.D. Ill. 2003)

(holding that a prior grant of partial summary judgment satisfied the "actually litigated" requirement of collateral estoppel); *Oyesile v. United States*, Civ. A. No. 00-6499, 2002 WL 22009, at *5 (E.D. Ill. Jan. 8, 2002) (finding the "actually litigated" requirement satisfied where the issue was "fully presented to [the court] in a motion for summary judgment" and the court granted summary judgment); *see also Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 394–95 (7th Cir. 1986) (denial of a motion to dismiss was sufficiently final for collateral estoppel purposes where court in prior action had to have rejected each ground raised in order to deny the motion). Walczak had the opportunity to—and did—contest at summary judgment the SEC's arguments as to Walczak's daily use of OptionVue. The Court nonetheless found no genuine issue of material fact and granted summary judgment in part. The "actually litigated" requirement is satisfied.

*Third*, the Court's resolution of the falsity and materiality of Walczak's statements as to the frequency of his review of OptionVue were essential to the result reached by the Court. Almost one half of the Court's opinion granting summary judgment in part consists of careful analysis of recordings of investor calls and testimony elicited by the CFTC that led the Court to conclude that there was no genuine issue of material fact as to whether Walczak's statements regarding his daily review of OptionVue were false and material. SEC SJ Order, at 4–10. On the basis of these findings, the Court granted summary judgment to the SEC on its non-scienter claims.[3]

*Fourth*, the defendant in both actions—and the party against whom the CFTC seeks to assert collateral estoppel—is Edward Walczak. The fourth requirement is thus satisfied. Therefore, on these facts, the elements of collateral estoppel are met, and there is no genuine

---

[3] Moreover, for the purposes of this third prong of the collateral estoppel analysis, an order on partial summary judgment is considered a "final order." *See Tate*, 250 F. Supp. 2d at 960.

issue of fact for a jury to decide with respect to the CFTC's non-scienter claim under Section 4*o*(1)(B).

Where, as here, collateral estoppel eliminates any genuine issue of material fact as to a given claim, summary judgment is the appropriate outcome. *See Cook Cnty. v. Lynch*, 560 F. Supp. 136, 140 (N.D. Ill. 1982) ("It is well-established in this Circuit that collateral estoppel may compel a grant of summary judgment as to the factual issues resolved by the earlier judgment."); *SEC v. Durham*, 370 F. Supp. 3d 954, 961–62 (S.D. Ind. 2019) (granting summary judgment against defendant on collateral estoppel grounds for civil violations of securities laws based on defendant's prior guilty verdict in securities fraud case); *CFTC v. Coats*, Civ. A. No. 11-23, 2017 WL 4125300, at *2 (W.D.N.C. Sept. 18, 2017) (granting summary judgment to CFTC because prior guilty verdict and guilty plea collaterally estopped defendants from relitigating issues in civil commodities fraud case).

Moreover, the objectives that collateral estoppel is intended to advance, such as judicial economy and avoiding inconsistent verdicts, would be furthered by its application here. *See Montana*, 440 U.S. at 153–54; *Cook Cnty. v. MidCon Corp.*, 574 F. Supp. 902, 909 (N.D. Ill. 1983). Because the Court has already carefully considered the questions of the falsity and materiality of Walczak's statements about his daily use of OptionVue in the context of the SEC's motion for summary judgment, there is no need for the Court to expend additional resources hearing evidence and arguments from both parties on these identical questions at trial in the CFTC's case. Nor should the jury be tasked with deciding liability on a claim for which the Court has already decided no genuine dispute of material fact exists. Both the Court and the parties would be better served by restricting the scope of the trial to issues that remain subject to dispute.

Relatedly, inconsistent decisions could result if the Court's decision in the SEC Matter is not applied in the instant matter. As set forth above, the CFTC and SEC have both brought non-scienter fraud charges under their respective statutes that can be proven by the same evidence regarding Walczak's material misrepresentations regarding his daily use of OptionVue software. If, as the Court has determined, these representations are material and false for purposes of the SEC Matter, they must likewise be for purposes of the CFTC's action. Should these questions nonetheless be submitted to a jury, inconsistent decisions could be reached.[4]

### B. The Court Has the Power to Grant Partial Summary Judgment for the CFTC Under Federal Rule of Civil Procedure 54(b)

As an initial matter, the CFTC recognizes that this is not a motion for reconsideration in the typical sense, because the question of collateral estoppel was not (and could not have been) before the Court at the time of its Order denying the CFTC's motion for summary judgment. However, "a showing of a manifest error of law or newly discovered evidence" is not required for a district court to reconsider its ruling consistent with FRCP 54(b). *Manitowoc Marine Grp. LLC v. Ameron Int'l Corp.*, Civ. A. No. 03-232, 2006 WL 2519219, at *1 (E.D. Wisc. Aug. 29, 2006). The instant motion seeks neither to "rehash[] previously rejected arguments" nor to argue "matters that could have been heard during the pendency of the previous motion." *Cf. Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Rather,

---

[4] The Court is currently awaiting the SEC's decision, pursuant to Section 21(g) of the Securities Exchange Act, on whether it will consent to consolidate the SEC Matter with the instant matter. All of the reasons for granting summary judgment on the CFTC's Section 4*o*(1)(B) claim under the current posture of separate cases will apply doubly so should the cases be consolidated. Most critically, allowing the CFTC's Section 4*o*(1)(B) claim to go to the jury in a consolidated case would directly contradict the Court's ruling in that very case that there existed no genuine issue of material fact to send to the jury on a non-scienter fraud charge, which would be contrary to the principles of the law-of-the-case doctrine. *See Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented*, 466 U.S. 144 (1984) ("As most commonly defined, the [law-of-the-case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

FRCP 54(b) allows the Court to revisit any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." "[E]very order short of a final decree is subject to reopening at the discretion of the district judge," *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983), and the Court "may grant a motion to reconsider an interlocutory order as justice requires," *Herman v. Cent. States Se. & Sw. Areas Pension Fund*, No. 03 C 1010, 2003 WL 22012212, at *1 (N.D. Ill. Aug. 22, 2003).

## Conclusion

By this Motion, the CFTC is putting the issue of collateral estoppel before the Court promptly and in advance of the trial currently scheduled to begin March 21, 2022. In light of the SEC SJ Order, the CFTC respectfully requests that the Court also enter an order granting summary judgment on the CFTC's claim under Section 4*o*(1)(B) of the CEA. As set forth above, because the elements of collateral estoppel are satisfied, the findings made by the Court in the SEC Matter must also apply to the CFTC's case. Consequently, summary judgment for the CFTC as to its Count II under Section 4*o*(1)(B) is appropriate.

Dated: February 15, 2022	Respectfully submitted,

COMMODITY FUTURES TRADING COMMISSION

Manal M. Sultan
Deputy Director


By:	/s/ Peter Janowski
	Samuel Wasserman
	Peter Janowski
	Meredith Borner
	(*admission pending*)
	David Acevedo

Division of Enforcement
140 Broadway, 19th Floor
New York, New York, 10005
(646) 746-9700

*Attorneys for Plaintiff*