**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 20 CV 00076 |
| EDWARD S WALCZAK, | |
| Defendant. | |
| COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | |
| v. | |
| EDWARD S WALCZAK, | Case No. 20-cv-00075 |
| Defendant | |

## **DEFENDANT'S PROPOSED ADDITIONAL JURY INSTRUCTIONS**

Defendant respectfully submits the following proposed jury instructions for use at the trial in addition to this Court's standard introductory and closing instructions.

Dated: March 18, 2022                    Respectfully submitted,

By: /s/ James L. Kopecky                  By: /s/ Zachary J. Ziliak
James L. Kopecky (ILBar#6225359)          Zachary J. Ziliak (ILBar#6291134)
KOPECKY SCHUMACHER ROSENBURG LLC          ZILIAK LAW LLC
120 N. LaSalle, Street, Suite 2000        141 W. Jackson Blvd., Suite 4048
Chicago, IL  60602                        Chicago, IL  60604

1

Tel. 312-380-6552
jkopecky@ksrlaw.com
*Counsel for Defendant Edward Walczak*

Tel. 312-462-3350
zachary@ziliak.com
docket@ziliak.com
*Counsel for Defendant Edward Walczak*

## DEFINITIONS

I will first define certain terms for you.

**(1)     Make or Maker**

The "maker" or "attempted maker" of a statement, including statements contained in quarterly presentations or other documents, or omissions, is the person or entity with ultimate authority and control over the statement, including its content and whether and how to communicate or disseminate the statement.

"Without control, a person or entity can merely suggest what to say, not 'make' a statement in its own right. [A person or entity] who prepares or publishes a statement on behalf of another is not its maker."[1]


**(2)     Materiality**

Information is "material" if there is a substantial likelihood that a reasonable investment adviser would consider the information significant in deciding whether to buy, sell or hold a security.

Information is "material" when there is a substantial likelihood that a disclosure of the information would have been viewed by a reasonable investment adviser as having significantly altered the total mix of information made available concerning the potential investment.[2]

---

[1] *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-43 (2011); *see also In re London Silver Fixing, Ltd. Antitrust Litig.*, 213 F. Supp. 3d 530, 568-70 (S.D.N.Y. 2016) (while specific terms or phrasing may not have been previously defined or interpreted by CFTC rule or statute, the language used in Regulation 180.1 is "virtually identical to the terms used in section SEC Rule 10(b)); *In re Total Gas & Power N. Am.*, CFTC No. 16-03, 2015 WL 8296610, at *8 (Dec. 7, 2015) (noting Rule 180.1 is modeled on SEC Rule 10b-5); *In re Commodity Exch., Inc.*, 213 F. Supp. 3d 631, 672 (S.D.N.Y. 2016) (noting Rule 180.1 is modeled on SEC Rule 10b-5); *CFTC v. EOX Holdings L.L.C.*, No. CV H-19-2901, 2021 WL 4482145 (S.D. Tex. Sept. 30, 2021) (CFTC will be guided by the substantial body of judicial precedent applying the comparable language of SEC Rule 10b-5).
[2] *See Basic, Inc. v. Levinson*, 485 U.S. 224, 231 (1988).

3

Whether a fact stated or omitted is material is determined in light of the circumstances existing at the time the statement or omission was made.

### (3) Scienter

When the element of scienter is required, in order to find the Defendant liable, the Plaintiffs must show that the Defendant "knowingly" or with "reckless disregard" made an untrue statement. "Knowingly" means to make an untrue statement with actual knowledge that the statement is false, rather than mistakenly or inadvertently. "Reckless disregard" means to make an untrue statement with deliberately reckless disregard for whether the statement was true. "Reckless" means highly unreasonable conduct and involves an extreme departure from the standard of ordinary care.[3] Scienter is also defined as a mental state embracing an intent to deceive, manipulate, or defraud.[4]

### (4) Negligence

"Negligence" is different from "knowledge" and "recklessness." Negligence is the failure to use reasonable care, which is judged by the degree of care that a reasonably careful person would use under like circumstances. Negligence may consist of doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances. You should be aware that where a claim only requires that the defendant acted "negligently," you may still find that the Defendant violated the law if you find the Defendant acted knowingly or recklessly. Negligence is simply the minimum that you must find.[5]

---

[3] *SEC v. Obus*, 693 F.3d 276, 286 (2d Cir. 2012).
[4] *See CFTC v. Rosenberg*, 85 F. Supp. 2d 424, 448 (D.N.J. 2000).
[5] *In re Reserve Fund Sec. & Derivative Litig.*, No. 09 Civ. 4346 (PGG), 2013 WL 5432334, at *12 n.7 (S.D.N.Y. Sept. 30, 2013) (quoting jury instructions that likewise defined standard of care under Section 17(a)(2) and (3) as "the

**(5)     Device, Scheme, Artifice to Defraud**

A "device, scheme or artifice to defraud" means the forming of some invention, contrivance, plan, or design to defraud, either by a deliberate misstatement of a material fact or by a deliberate omission of a material fact by one with a legal duty to disclose that fact. To defraud means to act intentionally for the purpose of cheating someone out of money or something of value. A scheme to defraud need not succeed, but it must be one that contemplated causing economic harm to another.

**(6)     Pooled Investment Vehicle**

A pooled investment vehicle is an investment company that is or holds itself out as being engaged primarily, or proposed to engage primarily, in the business of investing, reinvesting, or trading in financial instruments.[6]

**(7)     Commodity Pool Operator**

Under the Commodity Exchange Act, a "commodity pool operator" is defined to include "any person (i) engaged in a business that is of the nature of a commodity  pool, investment trust, syndicate, or similar form of enterprise, and who, in connection therewith, solicits, accepts, or receives from others, funds, securities, or property, either directly or through capital contributions,

---

degree of care that a reasonably careful person would use under like circumstances"); *SEC v. Schooler*, No. 3:12-CV-2164-GPC, 2015 WL 3491903, at *10 (S.D. Cal. June 3, 2015) ("Negligent conduct [under Section[ ] 17(a)(2) and (3) ] is defined as a 'fail[ure] to use the degree of care and skill that a reasonable person of ordinary prudence and intelligence would be expected to exercise in the situation.'" (quoting *SEC v. True N. Fin. Corp*., 909 F. Supp. 2d 1073, 1122 (D. Minn. 2012))); *SEC v. St. Anselm Expl. Co*., 936 F. Supp. 2d 1281, 1293 (D. Colo. 2013) (quoting *True N. Fin. Corp*, 909 F. Supp. 2d at 1122) (providing identical definition of standard of care under Section 17(a)(2)); *SEC v. Dain Rauscher, Inc*., 254 F.3d 852, 853-54, 856 (9th Cir. 2001).
[6] Investment Advisers Act of 1940 Rule 206(4)-8(b).

the sale of stock or other forms of securities, or otherwise, for the purpose of trading in commodity interests, including any--

     (I)      commodity for future delivery, security futures product, or swap;

     (II)     agreement, contract, or transaction described in section 2(c)(2)(C)(i) of this title or section 2(c)(2)(D)(i) of this title;

     (III)     commodity option authorized under section 6c of this title; or

     (IV)     leverage transaction authorized under section 23 of this title; or

(ii) who is registered with the Commission as a commodity pool operator.[7]

## (6)     Associated Person of a Commodity Pool Operator ("CPO")

A person "associated person of a commodity pool operator" is any natural person associated with a CPO as partner, officer, employee, consultant, or agent (or any natural person occupying a similar status or performing similar functions), in any capacity which involves (i) the solicitation of funds, securities, or property for participation in a commodity pool or (ii) the supervision of any person or persons so engaged.[8]

## (7)     Contract of Sale of a Commodity for Future Delivery

The Commodity Exchange Act defines commodity to include intangible commodities, including contracts for which future delivery are dealt with. A futures contract is an agreement to buy or sell a commodity at some point in time in the future at a predetermined price.[9] A registered

---

[7] 7 U.S.C. § 1a(11)(A)

[8] 17 C.F.R. §1.3; See also U.S. Commodity Futures Trading Commission v. Arrington, 998 F.Supp.2d 847, 871 (D. Nebraska 2014).

[9] See U.S. Commodity Futures Trading Commission v. Oystacher, 203 F.Supp.3d 934 (N.D. Ill 2016); U.S. Commodity Futures Trading Commission v. Kraft Foods Group, Inc. 153 F.Supp.3d 996 (N.D. Ill 2015).

entity includes a board of trade designated as a contract market under  the Commodity Exchange Act.[10]

Defendant's Proposed Instruction No. 1

---

[10] See 7 U.S.C. § 1a(40) (2018).

**Untrue Statement**

The term "untrue statement" is defined as a statement that is false when it is made, and you are further instructed that any alleged untrue statement or misrepresentation must also be material, as I will define later. Even if subsequent events prove a statement to be false, that does not mean that the statement was false when made. You may not find a statement to be false merely because subsequent events prove the statement to have been false. To satisfy this definition the Defendant must have actually made the allegedly false statement. Merely taking part in the decision to make a statement or even being intricately involved in making the statement is not sufficient. Nor is it sufficient that the Defendant approved the making of a false or misleading statement by another, even if the Defendant had knowledge that the statement was false or misleading. Instead, the Plaintiffs must prove by a preponderance of the evidence that the Defendant had ultimate authority over the statement, including its content and whether and how to communicate it.[11]

Defendant's Proposed Instruction No. 2

---

[11] Authority 11th Cir. Civil Pattern Jury Instr. § 6.2 (2013). *SEC v. ICP Asset Mgmt., LLC*, 10 Civ. 4791, Dkt. 142 (S.D.N.Y. Jan. 27, 2012) (defendant's proposed jury instruction III.B.1.) (citing 3 O'Malley, *et al.*, *Federal Jury Practice and Instructions* § 162.235 (5th ed. 2001).

**Interstate Commerce**

To establish the Defendant's liability, the Plaintiffs must prove by a preponderance of the evidence that the Defendant knowingly used, or caused to be used, the mails or an instrumentality of interstate commerce in furtherance of the alleged fraud.  The term "instrumentality of interstate commerce" means, for example, telephone, fax machine, or other form of electronic communication, including e-mails.  What is required is that the mails or instrumentality of interstate commerce such as telephone calls or emails were used in furtherance of the alleged fraud.[12]

Defendant's Proposed Instruction No. 3

---

[12] *See* Honorable L. Sand, *et al.*, *Modern Federal Jury Instructions,* Instruction 82-10 (2003)); *United States v. Weathers*, 169 F.3d 336, 341 (6th Cir. 1999) ("It is well established that telephones, even when used intrastate, constitute instrumentalities of interstate commerce."); *SEC v. Tourre*, No. 1:10-Civ-3229(KBF), 2013 WL 2407172, at *11 (S.D.N.Y. June 4, 2013) (holding that proof of telephone calls and e-mails satisfied the interstate commerce element of Section 17(a)).

**In Connection with the Offer or Sale of Securities**

In considering the claims brought by Plaintiffs under Section 17(a) of the Securities Act of 1933, you are instructed that Section 17(a) requires a showing that the alleged untrue statement or omission was "in the offer or sale" of a security.

The "offer" of a security is any attempt or offer to dispose of, or solicitation of any offer to buy, a security or interest in a security. To be an "offer" of a security, there must be an investment product that could actually be presented to an investor for consideration.

A "sale" of a security is any contract for sale or disposition of a security. To be "in" the offer or sale of a security, there must be a connection between the alleged untrue statements or omissions and the sale of the security at issue.

Defendant's Proposed Instruction No. 4

**SEC COUNT I – Violation of Sections 17(a)(1), 17(a)(2), and 17(a)(3)
of the Securities Act**

To meet their burden of proving that Mr. Walczak violated Section 17(a)(1), 17(a)(2), or 17(a)(3) of the Securities Act, the Plaintiffs must establish by a preponderance of the evidence each of the following elements:

**First Element,** that Mr. Walczak did one or more of the following:

(1)    Mr. Walczak employed a device, scheme, or artifice to defraud (Section 17(a)(1)); or

(2)    Mr. Walczak obtained money or property by means of any untrue statement of material fact or by omission of a material fact necessary under the circumstances to keep the statements that were made from being misleading (Section 17(a)(2)); or

(3)    Mr. Walczak engaged in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser (Section 17(a)(3)).

**Second Element,** Mr. Walczak acted with:

(1) scienter for **Section 17(a)(1)**; and/or

(2) negligence for **Section 17(a)(2) or (a)(3)**.

**Third Element,** the SEC must prove that Mr. Walczak used or caused to be used the mails or means or instrumentalities of interstate commerce.[13]

As to the First Element, a "device, scheme or artifice to defraud," as used in these instructions, means the forming of some invention, contrivance, plan, or design to defraud, either by a deliberate misstatement of a material fact or a deliberate omission of a material fact by one with a legal duty to disclose that fact. To defraud means to act intentionally for the purpose of cheating someone out of money or something of value. A scheme to defraud need not succeed, but

---

[13] 15 U.S.C. § 77q(a).

it must be one that contemplated causing economic harm to another.[14]

To satisfy the First Element, the SEC must prove by a preponderance of the evidence that (1) Mr. Walczak made a false or misleading statement, or omitted to state a fact which made what was said, under the circumstances, misleading; and (2) the misstatement or omission involved a "material" fact, which I will define in a moment. A misstatement is a statement that was false or misleading when it was made. An omission is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.

Even if subsequent events prove a statement to be false, that does not mean that the statement was false when made. You may not find a statement to be false merely because subsequent events prove the statement to have been false. Allegations that Mr. Walczak should have anticipated future events do not suffice to make out a claim of securities fraud. Lack of clairvoyance does not constitute securities fraud. Defendant must have actually made the allegedly false statement. Merely taking part in the decision to make a statement or even being intricately involved in making the statement is not sufficient. Nor is it sufficient that the Defendant approved the making of a false or misleading statement by another, even if the Defendant had knowledge that the statement was false or misleading. Instead, the Plaintiffs must prove by a preponderance of the evidence that the Defendant had ultimate authority over the statement, including its content

---

[14] *SEC v. Tambone*, 417 F. Supp. 2d 127, 131-34 (D. Mass. 2006); *Gross v. Summa Four, Inc.*, 93 F.3d 987, 992 (1st Cir. 1996) (superseded by statute on other grounds); *Goldberg v. Meridor*, 567 F.2d 209, 220 (2d Cir. 1977); *SEC v. Fife*, 311 F.3d 1, 9 (1st Cir. 2002); *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988); *Milton v. Van Dorn*, 961 F.2d 965, 969 (1st Cir. 1992); *In Re Xcelera.com Securities Litig.*, 430 F.3d 503, 507 (1st Cir. 2005); *Emerson v. Genocea Biosciences, Inc.*, 353 F. Supp. 3d 28, 41 (D. Mass. 2018) (Saris, J.); *In re Biogen Sec. Litig.*, 179 F.R.D. 25, 35 (D. Mass. 1997) ((Saris, J.); *Brumbaugh v. Wave Systems Corp.*, 416 F. Supp. 2d 239, 254-55 (D. Mass. 2006); *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997); *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000); *SEC v. Berlacher*, No. 07-3800, 2010 WL 3566790, at *7 (E.D. Pa. Sept. 13, 2010); *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 97 (1st Cir. 2002); *In re The First Marblehead Corp. Sec. Litig.*, 639 F. Supp. 2d 145, 160 (D. Mass. 2009).

and whether and how to communicate it.[15]

If you find that the Plaintiffs have established by a preponderance of the evidence that a misstatement or omission was made by Mr. Walczak, you must next determine whether the misstatement or omission was "material" under the circumstances. A material fact is one that would have been significant to a reasonable investor's investment decisions. Material information is not any and all additional information that a particular investor might have liked to have had. It is not sufficient that a particular investor might have considered the misrepresentation or omission important, or something that he or she would have preferred to have known.  Insignificant or trivial misstatements are not material. Stated another way, the mere fact that an investor might find information interesting, or desirable, is not sufficient to make it material.

Rather, in considering whether an allegedly untrue statement was material, you must determine whether such statement would have significantly altered the total mix of information available to a reasonable investor. There is no bright line test for materiality. Whether or not an alleged untrue statement or misleading omission is material depends on all of the relevant circumstances existing at the time the statements were made, including the context.[16]

If you find that the Plaintiffs have proven each of these elements, the first, second, and third, by a preponderance of the evidence against Mr. Walczak, then you must decide for the Plaintiffs and against the Defendant.

---

[15] 11th Cir. Civil Pattern Jury Instr. § 6.2 (2013). *SEC v. ICP Asset Mgmt., LLC*, 10 Civ. 4791, Dkt. No. 142 (S.D.N.Y. Jan. 27, 2012) (defendant's proposed jury instruction III.B.1) (citing *O'Malley, et al.*, Federal Jury Practice and Instructions § 162.235 (5th ed. 2001)).

[16] *In Re Xcelera.com Sec. Litig.*, 430 F.3d 503, 507 (1st Cir. 2005); *Emerson v. Genocea Biosciences, Inc.*, 353 F. Supp. 3d 28, 41 (D. Mass. 2018) (Saris, J.); *In re Biogen Sec. Litig.*, 179 F.R.D. 25, 35 (D. Mass. 1997); *Brumbaugh v. Wave Systems Corp.*, 416 F. Supp. 2d 239, 254-55 (D. Mass. 2006); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997); *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000); *SEC v. Berlacher*, No. 07-3800, 2010 WL 3566790, at *7 (E.D. Pa. Sept. 13, 2010).

If, on the other hand, you find that the Plaintiffs have failed to prove any of these elements by a preponderance of the evidence against Mr. Walczak, then you must find for the Defendant.

Defendant's Proposed Instruction No. 5

**SEC COUNT II—Violation of Sections 206(1) and 206(2) of the Advisers Act**

To meet their burden of proving that Mr. Walczak violated Section 206(1) or 206(2) of the Investment Advisers Act, the Plaintiffs must establish by a preponderance of the evidence each of the following elements:

**First Element,** that Mr. Walczak was an "investment adviser."  The definition of an "investment adviser" includes a person who, for compensation, engages in the business of advising others, either directly or indirectly, as to the advisability of investing in securities..[17]

**Second Element**, that Mr. Walczak did at least one of the following:

(1) directly or indirectly employed a device, scheme, or artifice to defraud a client or prospective client; or

(2) directly or indirectly engaged in a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon a client or prospective client.[18]

I have already explained these concepts to you when I instructed you about Section 17(a) of the Securities Act.

**Third Element**, that Mr. Walczak acted with the required state of mind.  The Plaintiffs may show that the Defendant acted "knowingly" or "recklessly" to prove a violation of Section 206(1) and Section 206(2). To prove that the Defendant violated Section 206(2) by engaging in a fraudulent or deceptive transaction, practice, or course of business, the Plaintiffs may instead show that the Defendant acted negligently.[19]  If you find Mr. Walczak acted knowingly or recklessly,

---

[17] *Lowe v. SEC*, 472 U.S. 181, 203-04 (1985); *Zinn v. Parrish*, 644 F.2d 360, 362-63 (7th Cir. 1981); *see also SEC v. Nutmeg Group, LLC*, 162 F. Supp. 3d 754, 772 (N.D. Ill. 2016).

[18] 15 U.S.C. §§80b-6(1), (2)

[19] *SEC v. Tambone*, 550 F.3d 106, 146 (1st Cir. 2008), *rev'd in part on other grds*., 597 F.3d 436 (1st Cir. 2010); *SEC v. EagleEye*, 975 F. Supp. 2d 151, 155-58 (D. Mass. 2003); *see also SEC v. Washington Investors Network*, 475 F.3d 392, 395-96 (D.C. Cir. 2007); *SEC v. DiBella*, No. 04-cv-1342 (EBB), 2007 WL 2904211, at *11 (D. Conn. Oct. 3, 2007), *aff'd*, 587 F.3d 553 (2nd Cir. 2009).

you do not need to decide whether the Defendant acted negligently.  I have already explained these concepts to you.

If you find that the Plaintiffs have proven each of these elements by a preponderance of the evidence against Mr. Walczak, then you must decide for the Plaintiffs and against the Defendant.

If, on the other hand, you find that the Plaintiffs have failed to prove any of these elements by a preponderance of the evidence against Mr. Walczak, then you must find for the Defendant.

Defendants Proposed Instruction No. 6

### SEC COUNT III – In the alternative
### Aiding and Abetting Violation of Section 206(2) of the Advisers Act

You should only address this Third Claim if you have found in favor of Mr. Walczak and against the Plaintiffs on the Second Claim.

To meet their burden of proving that Mr. Walczak aided and abetted Catalyst's violation of Section 206(2) of the Advisers Act, the Plaintiffs must establish by a preponderance of the evidence each of the following elements:

**First Element**, The Plaintiffs must prove by a preponderance of the evidence that Catalyst Capital Advisors, LLC was an "investment adviser."

**Second Element**, that Catalyst Capital Advisors, LLC did at least one of the following:

(1) directly or indirectly employed a device, scheme, or artifice to defraud a client or prospective client; or

(2) directly or indirectly engaged in a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon a client or prospective client.[20]

I have already explained these concepts to you when I instructed you on the previous claims.

**Third Element**, that Catalyst Capital Advisors, LLC acted with the requisite state of mind. To prove that Catalyst violated Section 206(2) by engaging in a fraudulent or deceptive transaction, practice, or course of business, the Plaintiffs may show that Catalyst acted negligently.[21]

If you find that the Plaintiffs have failed to prove any of these elements by a preponderance

---

[20] 15 U.S.C. §§80b-6(1), (2)

[21] *SEC v. Tambone*, 550 F.3d 106, 146 (1st Cir. 2008), *rev'd in part on other grds.*, 597 F.3d 436 (1st Cir. 2010); *SEC v. EagleEye*, 975 F. Supp. 2d 151, 155-58 (D. Mass. 2003); *see also SEC v. Washington Investors Network*, 475 F.3d 392, 395-96 (D.C. Cir. 2007); *SEC v. DiBella*, No. 04-cv-1342 (EBB), 2007 WL 2904211, at *11 (D. Conn. Oct. 3, 2007), *aff'd*, 587 F.3d 553 (2nd Cir. 2009).

of the evidence against Catalyst Capital Advisers, then you must find in favor of Mr. Walczak and against the Plaintiffs.

If, on the other hand, you find that the Plaintiff have proven each of these elements by a preponderance of the evidence against Catalyst Capital Advisers, then you must determine whether the Plaintiffs have established by a preponderance of the evidence that Mr. Walczak knowingly or recklessly aided, abetted, counseled, commanded, induced, or procured Catalyst Capital Advisers' violations of Section 206(2) of the Advisers Act.

Defendants Proposed Instruction No. 7

**SEC COUNT IV**
**Violation of Section 206(4) of the Advisers Act**
**and Rule 206(4)-8**

To meet their burden of proving that Mr. Walczak violated Section 206(4) of the Advisers Act and Rule 206(4)-8, the Plaintiffs must establish by a preponderance of the evidence each of the following elements[22]:

**First**, that Mr. Walczak was an investment adviser.  I have already instructed you on the definition of an "investment adviser."

**Second**, that Mr. Walczak was an investment adviser to a "pooled investment vehicle."

**Third**, that Mr. Walczak, as an investment adviser to a pooled investment vehicle:

(1) made materially misleading statements or omitted to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engaged in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

The definition of engaging in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon any person, are the same as previously discussed.

If you find that the Plaintiffs have proven the first element by a preponderance of the evidence, then you must next determine whether the statement was made to an investor or prospective investor of a pooled investment vehicle. A pooled investment vehicle is an investment company that is, or holds itself out as being, engaged primarily, or proposed to engage primarily, in the business of investing, reinvesting, or trading in financial instruments.

---

[22] *See* 15 U.S.C. § 80b-6(4) and 17 CFR § 275.206(4)-8.

If you find that the Plaintiffs have proved each of these elements by a preponderance of the evidence against Mr. Walczak, then you must decide for the Plaintiffs and against the Defendant.

If, on the other hand, you find that the Plaintiffs have failed to prove any of these elements by a preponderance of the evidence against Mr. Walczak, then you must find for the Defendant.

Defendant's Proposed Instruction No. 8

**SEC COUNT V – In the Alternative**
**Aiding and Abetting Violation of Section 206(4) of the Advisers Act**
**and Rule 206(4)-8**

You should only address this Claim if you have found in favor of Mr. Walczak and against Plaintiff on the Fourth Claim.

To meet their burden of proving that Mr. Walczak aided and abetted Catalyst Capital Advisers' violation of Section 206(4) of the Advisers Act and Rule 206(4)-8, the Plaintiffs must establish by a preponderance of the evidence each of the following elements[23]:

**First**, that Catalyst Capital Advisers was an investment adviser.  I have already instructed you on the definition of an "investment adviser."

**Second**, that Catalyst Capital Advisers was an investment adviser to a "pooled investment vehicle."

**Third**, that as an investment adviser to a pooled investment vehicle, Catalyst:

(1) made materially misleading statements or omitted to state a material fact necessary to make statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engaged in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

The definition of engaging in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon any person, are the same as previously discussed.

If you find that the Plaintiffs have proven the first element by a preponderance of the evidence, then you must next determine whether the statement was made to an investor or

---

[23] *See* 15 U.S.C. § 80b-6(4) and 17 CFR § 275.206(4)-8

prospective investor of a pooled investment vehicle. A pooled investment vehicle is an investment company that is or holds itself out as being, engaged primarily, or proposed to engage primarily, in the business of investing, reinvesting, or trading in financial instruments.

If you find that the Plaintiffs have failed to prove any of these elements by a preponderance of the evidence against Catalyst Capital Advisers, then you must find in favor of Mr. Walczak and against the Plaintiffs.

If, on the other hand, you find that the Plaintiffs have proven each of these elements by a preponderance of the evidence against Catalyst Capital Advisers, then you must determine whether the Plaintiffs have established by a preponderance of the evidence that Mr. Walczak knowingly or recklessly aided, abetted, counseled, commanded, induced, or procured Catalyst Capital Advisers' violations of Section 206(4) of the Advisers Act and Rule 206(4)-8.

If you find that the Plaintiffs have proven each of the First, Second, and Third Elements of this Fifth Claim by a preponderance of the evidence against Catalyst, and that the Plaintiffs have further proven the additional element just discussed by a preponderance of the evidence against Mr. Walczak, then you must decide for the Plaintiffs and against the Defendant.

If, on the other hand, you find that the Plaintiffs have failed to prove any of these elements by a preponderance of the evidence against Catalyst and Mr. Walczak, then you must find for the Defendant.

Defendants Proposed Instruction No. 9

**Good Faith**

Good faith is a complete defense to the Section 17(a)(1) claim in this case (First Claim). A statement made with good faith belief in its accuracy does not amount to a false statement and does not give rise to liability.  This is so even if the statement is, in fact, erroneous.[24]

Defendant's Proposed Instruction No. 10

---

[24] *See, e.g.*, Honorable L. Sand, *et al.*, *Modern Federal Jury Instructions- Civil Volumes*, Instruction 8.1 (2003).

**CFTC Count I – Violation of Section 4o(1)(A) of the Commodity Exchange Act**

To meet its burden of proving that Mr. Walczak violated Section 4o(1)(A) of the Commodity Exchange Act the CFTC must establish by a preponderance of the evidence each of the following elements:

First, that Mr. Walczak was an associated person of a Commodity Pool Operator;

Second, that Mr. Walczak employed a device, scheme or artifice to defraud any client or participant or prospective client or participant a commodity pool operator;

Third, that Mr. Walczak made a material misrepresentation;

Fourth, that Mr. Walczak used the mails or any means or instrumentality of interstate commerce, directly or indirectly;

Fifth, that Mr. Walczak acted with scienter, meaning intent to defraud or with reckless disregard or the truth.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence against Mr. Walczak, then you must decide for Plaintiff and against Defendant.

If, on the other hand, you find that Plaintiff has failed to prove any of these elements by a preponderance of the evidence against Mr. Walczak, then you must find for Defendant.

Defendants Proposed Issus Instruction No. 11
*See* Amended Complaint, Dkt. #11, Count I
*See* 7 U.S.C. § 6o(1)(A) (2018); *see also CFTC v. S. Tr. Metals, Inc., 894 F.3d 1313, 1325 (11th Cir. 2018)*

**CFTC Count II – Violation of Section 4o(1)(B) of the Commodity Exchange Act**

To meet its burden of proving that Mr. Walczak violated Section 4o(1)(B) of the Commodity Exchange Act the CFTC must establish by a preponderance of the evidence each of the following elements:

First, that Mr. Walczak was an associated person of a Commodity Pool Operator;

Second, that Mr. Walczak engaged in any transaction, practice or course of business which operated as a fraud or deceit upon any client or participant or prospective client or participant in a commodity pool operator;

Third, that Mr. Walczak made a material misrepresentation;

Fourth, that Mr. Walczak used the mails or any means or instrumentality of interstate commerce, directly or indirectly; Fifth, that Mr.

Walczak acted negligently.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence against Mr. Walczak, then you must decide for Plaintiff and against Defendant.

If, on the other hand, you find that Plaintiff has failed to prove any of these elements by a preponderance of the evidence against Mr. Walczak, then you must find for Defendant.

Defendants Proposed Issus Instruction No. 12
*See* Amended Complaint, Dkt. #11, Count II
*See* 7 U.S.C. § 6o(1)(B) (2018); *see also CFTC v. Heffernan, 245 F. Supp. 2d 1276, 1292 (S.D. Ga. 2003)*.

### Count III – Violation of Section 6(c)(1) of the Commodity
### Exchange Act and Regulation 180.1

To meet its burden of proving that Mr. Walczak violated Section 6(c)(1) of the Commodity

Exchange Act and Regulation 180.1 thereunder, the CFTC must establish

by a preponderance of the evidence each of the following elements: First, that

Mr. Walczak did any one or more of the following:

(1) used or employed, or attempted to use or employ, any manipulative device, scheme, or artifice to defraud;

(2)   made, or attempted to make, any untrue or misleading statement of material  fact or  to  omit  to  state  a  material  fact  necessary  in  order  to  make  the statements made not untrue or misleading;

(3)  engaged, or attempted to engage, in any act, practice or course of business, which operated or would have operated as a fraud or deceit upon any person.

Second, that Mr. Walczak made a material misrepresentation;

Third, that Mr. Walczak acted in connection with any swap, or a contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity.

Fourth, that Mr. Walczak acted with scienter, meaning intent to deceive, manipulate or defraud.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence against Mr. Waclzak, then you must decide for Plaintiff and against

Defendant.

If, on the other hand, you find that Plaintiff has failed to prove any of these

5 elements by a preponderance of the evidence against Mr. Walczak, then you must find for Defendant.

Defendants Proposed Issus Instruction No. 13
*See* Amended Complaint, Dkt. #11, Count III;
*See* 7 U.S.C. §  9(1) (2018) and 17 C.F.R. § 180.1(a);  *see also CFTC v. S. Tr. Metals, Inc., 894 F.3d 1313, 1325 (11th Cir. 2018)*; *see also CFTC v. Rosenberg*, 85 F.Supp.2d
    448 (D. New Jersey 200).

**Evidence Permitting Alternate Conclusion**

A defendant is never to be found liable on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that Mr. Walczak is liable and the other that he is not liable—you must find Mr. Walczak not liiable because the Plaintiffs have not met their burden of proof.[25]

Defendant's Proposed Instruction No. 14

---

[25] *See United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

## Disagreement Among Jurors

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you, as jurors, should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.[26]

Defendant's Proposed Instruction No. 15

---

[26] *See* Pattern Civil Jury Instructions of the Seventh Circuit 1.34 (2005).

## All Litigants Equal Before the Law

The fact that an agency of the government, the Securities and Exchange Commission, is a plaintiff in this case must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and are to be dealt with as equals in a court of justice.[27]

Defendant's Proposed Instruction No. 16

---

[27] *See SEC v. Koenig*, No. 02 CV 2180, Dkt. 428, Final Jury Instructions, No. 2 (N.D. Ill., Andersen, J.).

**Consideration of All Evidence Regardless of Who Produced**

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question, regardless of who introduced it.[28]

Defendant's Proposed Instruction No. 17

---

[28] *See* Pattern Civil Jury Instructions of the Seventh Circuit 1.08 (2017).

**Number of Witnesses**

The fact that one party calls more witnesses or introduces more evidence than the other does not mean that you should necessarily find the facts in favor of the party offering the most witnesses or evidence.[29]

Defendant's Proposed Instructions No. 18

---

[29] *See, e.g.*, Honorable L. Sand, *et al.*, *Modern Federal Jury Instructions- Criminal Volumes*, Instruction 4.3 (2003).

**Testimony of Witnesses (Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.[30]

Defendant's Proposed Instruction No. 19

---

[30] *See* Pattern Civil Jury Instructions of the Seventh Circuit 1.13 (2017).

**Prior Inconsistent Statements**

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood, and whether it concerns an important fact or an unimportant detail.[31]

Defendant's Proposed Instruction No. 20

---

[31] *See* Pattern Civil Jury Instructions of the Seventh Circuit 1.14 (2017).

**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.[32]

Defendant's Proposed Instruction No. 21

---

[32] *See* Pattern Civil Jury Instructions of the Seventh Circuit 1.18 (2017).

**Summary Exhibits and Summary Testimony**

Exhibits _____ are summaries of documents or books. You should consider these summaries just like all of the other evidence in the case.[33]

Defendant's Proposed Instruction No. 22

---

[33] *See* Civil Jury Instructions of the Seventh Circuit 1.23 (2017).

**Remote Testimony**

During the trial, certain testimony was presented to you by remote video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.[34]

Defendant's Proposed Instruction No. 23

---

[34] *See* Pattern Civil Jury Instructions of the Seventh Circuit 1.05 (2017).